# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

JOSEPH J.H. MORRELL, SR.,      )
                                    )
        Plaintiff,               )
                                    )
VS.                                )         No. 17-1158-JDT-cgc
                                    )
ANTHONY BLACKWELL,         )
                                  )
        Defendant.            )

---

## ORDER PARTIALLY DISMISSING COMPLAINT AND
## DIRECTING THAT PROCESS BE ISSUED AND SERVED

---

On August 17, 2017, Plaintiff Joseph J.H. Morrell, Sr., who is presently confined at the Trousdale Turner Correctional Center in Hartsville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) The complaint concerns events that occurred during Plaintiff's previous confinement at the Whiteville Correctional Facility (WCF) in Whiteville, Tennessee, a privately-managed prison facility operated by CoreCivic of Tennessee. (*Id.*)

Plaintiff asserts both individual and official capacity claims against Defendant Anthony Blackwell, a WCF Correctional Officer. (*Id.*) Plaintiff alleges that on August 14, 2016, he was forcibly raped and sexually assaulted by Blackwell. (ECF No. 1 at 4-13.) In accordance with the obligation to screen prisoner complaints pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B), the Court finds that Plaintiff's claims against Blackwell in his individual capacity should be allowed to proceed.

Plaintiff's claims against Blackwell in his official capacity must be treated as claims against Blackwell's employer, CoreCivic. "A private corporation that performs the traditional state function

of operating a prison acts under color of state law for purposes of § 1983." *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)). The Sixth Circuit has applied the standards for assessing municipal liability to claims against private corporations that operate prisons. *Thomas*, 55 F. App'x at 748-49; *Street*, 102 F.3d at 817-18; *Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001). Therefore, CoreCivic "cannot be held liable under a theory of respondeat superior." *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011). Instead, to prevail on a § 1983 claim against CoreCivic, Plaintiff "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights. *Id.* The complaint does not allege that Blackwell's assault was the result of an unconstitutional policy or custom of CoreCivic. Therefore, the official capacity claims are DISMISSED for failure to state a claim.

It is ORDERED that the Clerk shall issue process for the Defendant, WCF Correctional Officer Anthony Blackwell, and deliver that process to the U.S. Marshal for service. Service shall be made on Defendant Blackwell pursuant to Federal Rule of Civil Procedure 4(e) and Tennessee Rules of Civil Procedure 4.04(1) and (10), either by mail or personally if mail service is not effective. All costs of service shall by advanced by the United States.

It is further ORDERED that Plaintiff shall serve a copy of every subsequent document he files in this cause on the attorney for the Defendant or on the Defendant if he is unrepresented. Plaintiff shall make a certificate of service on every document filed. Plaintiff shall familiarize himself with Federal Rules of Civil Procedure and this Court's Local Rules.[1]

---

[1] A copy of the Local Rules may be obtained from the Clerk. The Local Rules are also available on the Court's website at www.tnwd.courts.gov/pdf/content/LocalRules.pdf.

Plaintiff shall promptly notify the Clerk of any change of address or extended absence. Failure to comply with these requirements, or any other order of the Court may result in the dismissal of this case without further notice.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE