IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JOSEPH J.H. MORRELL, SR.,

      Plaintiff,

v.                                                                    No. 1:17-cv-01158-JDB-cgc

ANTHONY BLACKWELL,

      Defendant.

_____

ORDER DISMISSING CASE

_____

The *pro se* prisoner Plaintiff, Joseph J.H. Morrell, Sr., brought this action on August 17, 2017, against the Defendant, Anthony Blackwell, pursuant to 42 U.S.C. § 1983. (Docket Entry ("D.E.") 1.)  On April 26, 2018, the Defendant filed a motion to dismiss the complaint in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure. (D.E. 19.)  On July 9, 2018, he moved for an order compelling Plaintiff to respond to discovery requests. (D.E. 21.)  The Court entered an order on July 11, 2018, directing Morrell to show cause, within twenty-one days, why this matter should not be dismissed for failure to prosecute under Fed. R. Civ. P. 41(b). (D.E. 23.)  The Court admonished Plaintiff therein that his "failure to timely respond to this order *will* result in . . . dismissal." (*Id.* at PageID 147.)

On the twenty-first day following entry of the show cause order, and after a response to the motion to compel discovery was due, the Plaintiff moved for a sixty-day extension of time to respond to the discovery requests. (D.E. 24.)  He advised the Court that he had been in segregation and, therefore, unable to go to the law library and that he was attempting to obtain documents from

1

various law enforcement and prison officials.  No mention was made of the pending motions or the show cause order.

In an order entered August 10, 2018, the Court directed Morrell to respond to Blackwell's discovery requests and the show cause order within thirty days.  (D.E. 26.)  The Court advised Plaintiff that failure to follow its directive would result in dismissal of this action.  According to the docket, no filings have been made since entry of the Court's order and the time for complying therewith has expired.

District courts are granted authority to impose sanctions for failures to comply with court orders under Rules 37(b) and 41(b) of the Federal Rules of Civil Procedure.  Such sanctions may include dismissal.  Fed. R. Civ. P. 37(b)(2)(A)(v), 41(b); *ECIMOS, LLC v. Nortek Global HVAC, LLC*, ___ F. App'x ___, 2018 WL 2459915, at *4 (6th Cir. June 1, 2018).  In determining whether this harsh sanction is appropriate, the court is to consider certain factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*ECIMOS, LLC*, 2018 WL 2459915, at *4 (quoting *Universal Health Grp. v. Allstate Ins. Co.*, 703 F.3d 953, 956 (6th Cir. 2013)).  "[A]lthough typically none of the factors is outcome dispositive, it is said that a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct."  *Bradley J. Delp Revocable Trust v. MSJMR 2008 Irrevocable Trust*, 665 F. App'x 514, 521 (6th Cir. 2016) (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).  In this case, all four factors weigh in favor of dismissal.

First, the Plaintiff has failed to explain his continuing failure to respond to the Defendant's discovery requests or to the orders of the Court.  Thus, he has "not met his burden of showing that

his failure to comply was due to inability, not willfulness or bad faith." *Marsh v. Rhodes*, No. 17-1211, 2017 WL 7833767, at \*3 (6th Cir. Dec. 14, 2017) (quoting *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002)) (internal quotation marks omitted). Second, Blackwell was certainly prejudiced by expending time, money, and effort in pursuing discovery responses to which he was legally entitled. *See ECIMOS, LLC*, 2018 WL 2459915, at \*4; *Marsh*, 2017 WL 7833767, at \*3.

Third, Plaintiff was warned in no uncertain terms that his failure to abide by the directives of the Court would be met with dismissal of his complaint in both the July 11 and August 10, 2018, orders. Fourth, in the latter order, despite its previous warning regarding dismissal, the Court, over Blackwell's objections, gave Plaintiff another opportunity to salvage this action by granting him additional time to respond to the outstanding discovery requests and to the show cause order. In doing so, the Court explained that *pro se* litigants are subject to the same rules as those represented by counsel and that no further extensions of time for responses would be granted. Morrell still chose not to act. At this point, the Court can conceive of no other option that would convince the Plaintiff to move this matter forward.

For the reasons set forth herein, this action is DISMISSED in its entirety.

IT IS SO ORDERED this 20th day of September 2018.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE